UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

JAMES COLEY,

Plaintiff,

– against –

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 15, 15A, 15B, 15C, 15D,
and 15H, THOMAS A. CALLAHAN, ROBERT
BURNS, ANDREW CULLIMORE,
CHRISTOPHER THOMAS and JOHN
MCNAMARA,

Defendants.

---------------------------------------------------------------- X

**MEMORANDUM DECISION AND
ORDER**

1:21-CV-5892 (AMD) (VMS)

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the plaintiff's appeal from Magistrate Judge Vera Scanlon's June 13, 2023 order denying the plaintiff's request for additional discovery after the close of fact discovery.  For the following reasons, I deny the appeal and affirm Judge Scanlon's order.

## BACKGROUND

The plaintiff filed a complaint on October 22, 2021, asserting claims of race and age discrimination.  (ECF No 1.)  The parties agreed that the defendants would produce the same discovery they produced in a related case before Judge LaShann DeArcy Hall, involving the same parties.  *See Langford et al v. IUOE Local 15 et al*, No. 18-CV-7041 (E.D.N.Y.).  On May 19, 2022, the plaintiff served a document request for a "complete electronic 'dump'" of the defendants' computer systems and programs used for storing information about the defendants' union members.  (ECF No. 22 at 1; ECF No. 22-1 at 8.)  On September 8, 2022, the defendants produced this database, which covered the period from 2020 to the date of production.

On November 1, 2022, the parties submitted a joint status report to Judge Scanlon in which they represented that there were no outstanding discovery disputes. (ECF No. 15.) Judge Scanlon held a status conference on December 13, 2022, (Minute Entry dated December 14, 2022), during which the plaintiff "never raised a purported deficiency with the database production . . . ." (*See* Discovery Order). When fact discovery closed on April 30, 2023, the plaintiff had not identified any deficiency with the defendants' production, including the database. On May 16, 2023, the parties submitted a second joint status report informing Judge Scanlon that there were no outstanding discovery requests. (ECF No. 21.)

On June 6, 2023—over one month after the close of fact discovery—the plaintiff filed a joint status report informing Judge Scanlon of "a discovery issue"—that the defendants had not produced the union members' birth years. The plaintiff explained that the birth years were not provided in the *Langford* action because "there is no age claim in *Langford*." (ECF No. 22 at 1.) Thus, when the defendants copied and produced the *Langford* discovery for this action (updated for the date of production), the birth years were not included.

The plaintiff claims that the initial discovery request for an electronic "dump" of the defendants' database should have included birth year information, and that "supplementation is required under Rule 26(e)(1)" of the Federal Rules of Civil Procedure. The defendants object, insisting that this is an untimely request for additional fact discovery. Judge Scanlon construed the defendants' objection "as a request for a protective order," granted that order, and denied the plaintiff's request for additional discovery as untimely and "without meaningful justification." (*See* Discovery Order).

The plaintiff now argues that supplementation is required under Rule 26, or, alternatively, that Judge Scanlon "should either have considered the status report as a motion to reopen

discovery . . . or at least given plaintiff an opportunity to make such a motion."  (ECF No. 25 at 4.)  The defendants respond that "the parties reached an agreement on exactly what would be produced," that the defendants fully complied with that agreement, and that discovery should not be supplemented or re-opened.  (ECF No. 28 at 4.)

## LEGAL STANDARD

A magistrate judge's discovery orders are generally considered "non-dispositive" of the litigation.  *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Accordingly, a district court must affirm such orders unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014) ("Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law.").  "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). This standard of review is "highly deferential," and "magistrates are afforded broad discretion in resolving discovery disputes . . . ."  *Lanzo v. City of New York*, No. 96-CV-3242, 1999 WL 1007346, at *2 (E.D.N.Y. Sept. 21, 1999).

## DISCUSSION

The plaintiff has not established that Judge Scanlon's order was "clearly erroneous or contrary to law."  The parties negotiated an agreement that the defendants would provide the discovery that they provided in the *Langford* action, and fact discovery has been ongoing for

over a year.  During that period, the plaintiff had ample time to review the defendants' production and alert the defendants, and Judge Scanlon, if necessary, to any deficiencies.  *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925–27 (2d Cir. 1985); *Fed. Ins. Co. v. Kingsbury Properties, Ltd.*, No. 90-CV-6211, 1992 WL 380980, at *2 (S.D.N.Y. Dec. 7, 1992).  The plaintiff did not do that.  Instead, he confirmed in two joint status reports to Judge Scanlon that there were no outstanding discovery disputes.  (ECF Nos. 15, 20.)  It was only after discovery closed that he raised the current issue.  This is not a case in which the Court has "the definite and firm conviction that a mistake has been committed."  *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), *aff'd*, 868 F.3d 104 (2d Cir. 2017).  On the contrary, Judge Scanlon's ruling was a provident and sensible exercise of her authority in managing discovery.

## CONCLUSION

For these reasons, the plaintiff's appeal is denied.


**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       August 3, 2023